## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **DANNY GRAY and ANTHONY WILSON,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. _____** |
| | ) | |
| **MR. D'S TRUCKING, INC. and DESMOND WATKINS,** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

## COMPLAINT

Plaintiffs Danny Gray and Anthony Wilson, by and through their undersigned counsel, respectfully submit this Complaint against Defendants Mr. D's Trucking, Inc. and Desmond Watkins.  For their causes, Plaintiffs state as follows:

### Jurisdiction and Venue

1.      This Court has subject-matter jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States.  Additionally, Defendants are subject to service in this judicial district; thus, this Court has personal jurisdiction.

2.     Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391.  Defendants own and operate a trucking company in this judicial district and a substantial portion of the events giving rise to the claims herein occurred in this judicial district.

## The Parties

3.     Defendant Mr. D's is a corporation with its principal place of business in Conley, Georgia.

4.     Defendant Mr. D's operates a dump truck company where Plaintiffs worked.

5.     Upon information and belief, during the relevant period, Defendant Mr. D's annual gross sales volume exceeded $500,000.

6.     At all times relevant to this action, Defendant Watkins was Defendant Mr. D's owner, acted in the interest of an employer toward Plaintiffs, exercised responsibility and control over Plaintiffs' compensation and terms of employment, including hiring Plaintiffs, and was a corporate officer with operational control of the corporation's covered enterprise.  Therefore, Defendant Watkins may be held liable in his individual capacity as an "employer" for Defendant Mr. D's FLSA violations.

7.     Defendants were "employers" within the meaning of 29 U.S.C. § 203(d) during the relevant period.

8.     Plaintiff Gray has worked for Defendants as a dump truck driver since the beginning of 2016.

9.     During Plaintiff Gray's employment with Defendants, Plaintiff Gray has operated a dump truck within the state of Georgia at all relevant times.

10.    Plaintiff Wilson has worked for Defendants as a dump truck driver since the middle of 2016.

11.    During Plaintiff Wilson's employment with Defendants, Plaintiff Wilson has operated a dump truck within the state of Georgia at all relevant times.

## Factual Allegations

12.    During Plaintiffs' employment with Defendants, Defendants classified them as independent contractors and paid them a straight hourly rate for some of the hours during which they performed compensable work.

13.    Plaintiffs were not independent contractors.  Rather, Plaintiffs were non-exempt employees within the meaning of 29 U.S.C. § 203(e) during their employment with Defendants.

14.    Defendants controlled nearly all of the aspects of Plaintiffs' employment.  Among other things, they required Plaintiffs to arrive at the truck

yard at specific times each day, provided Plaintiffs with their assignments each day, provided Plaintiffs their equipment and dump trucks to use each day, monitored and enforced Plaintiffs' arrivals and departures, required Plaintiffs to abide by their policies, regulated Plaintiffs' interactions with Defendants' customers, and financed and controlled all advertising efforts undertaken on behalf of Defendant Mr. D's.

15.     During their employment with Defendants, Plaintiffs often worked hours for which they were not properly compensated.

16.     For example, Defendants required Plaintiffs to arrive at the truck yard by approximately 6:00 to 6:30 a.m. and to ensure that the dump trucks were ready to go each day.  This included inspecting the truck, checking the fluids, ensuring no flat tires, cleaning the truck, building up the air in the truck's brake system, obtaining their assignments for the day, preparing for the assignments, and then traveling to the first assignment in Defendants' dump trucks.

17.     Defendants did not compensate Plaintiffs for the time they spent working between their arrival at the yard and their arrival at the job site.

18.     Similarly, Defendants required Plaintiffs to return to the yard in their dump trucks after an assignment, where Plaintiffs, among other things, filled up the dump truck with gas, cleaned the truck, and submitted assignment sheets.

4

19.     Defendants did not compensate Plaintiffs for the time that they spent working after leaving the job site.

20.     During their employment with Defendants, Plaintiffs regularly worked hours each week for which Defendants failed to properly compensate them, including hours over forty in a workweek.

21.     Plaintiffs' supervisors were aware of the hours Plaintiffs worked for which they were not properly compensated.

22.     Defendants have willfully and intentionally failed and/or refused to properly compensate Plaintiffs.

23.     Plaintiffs have given their written consent to join in this action under the FLSA.  Their Consents are attached hereto as Exhibit 1 and are a part hereof for all purposes pursuant to Fed. R. Civ. P. 10(c).

## COUNT I: Violations of the Fair Labor Standards Act

24.     Plaintiffs re-allege paragraphs 1 through 23 above and incorporate them here by reference.

25.     By engaging in the conduct described above, Defendants failed to pay Plaintiffs at a rate of pay not less than one and one half times their regular rate for all work performed in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207.

26.     Defendants' actions in failing to compensate Plaintiffs in accordance with the FLSA were willful, within the meaning of 29 U.S.C. § 255(a), and committed with a conscious disregard for the rights of Plaintiffs.

27.     As a result of Defendants' violation of the FLSA, Plaintiffs are entitled to recover their unpaid overtime compensation and an equal amount as liquidated damages, as well as prejudgment interest, reasonable attorneys' fees, and costs of suit, pursuant to 29 U.S.C. § 216(b), all in amounts to be determined at trial.

WHEREFORE**,** Plaintiffs pray for the following relief: the unpaid overtime compensation due under the FLSA at one and a half times their applicable regular rates for all hours worked in excess of forty (40) per week in an amount to be determined at trial; an equivalent amount as liquidated damages; pre- and post-judgment interest; reasonable counsel fees and costs; and such further and appropriate relief as the Court may deem necessary.

## COUNT II: Unjust Enrichment

28.     Plaintiffs re-allege paragraphs 1 through 23 above and incorporate them here by reference.

29.     Defendants have been enriched by making deficient payments for work performed by Plaintiffs.

30.     Defendants have been enriched at the expense of Plaintiffs because Plaintiffs regularly worked hours for which they were not properly compensated.

31.     Defendants intentionally refused to pay Plaintiffs at the proper rate for all hours worked.  Defendants know or should know the proper rate of pay for Plaintiffs.  Such wrongful conduct demonstrates bad faith on the part of Defendants.

32.     It is unjust for Defendants to retain the benefits from the unpaid work performed by Plaintiffs.

WHEREFORE, Plaintiffs pray for judgment against Defendants on Count II of the Complaint; for an award of compensatory damages; pre-judgment and post-judgment interest as provided by law; and for such other orders and further relief, including an award of costs and attorney's fees, as this Court deems just and equitable.

## COUNT III: Quantum Meruit

33.     Plaintiffs re-allege paragraphs 1 through 23 above and incorporate them here by reference.

34.     At Defendants' request, Plaintiffs provided services in the form of work for Defendants. These services had reasonable value and were performed at an hourly rate.

35.     Plaintiffs regularly performed compensable work without being compensated for this time.  Plaintiffs reasonably expected compensation at the time the services were rendered.

36.     Defendants accepted Plaintiffs' services.

37.     Defendants failed to compensate Plaintiffs for the reasonable value of these services performed on Defendants' behalf.

WHEREFORE, Plaintiffs pray for judgment against Defendants on Count IV of the Complaint; for an award of compensatory damages and for such other orders and further relief, including an award of costs and attorney's fees, as this Court deems just and equitable.

## COUNT IV: Breach of Contract

38.     Plaintiffs re-allege paragraphs 1 through 23 above and incorporate them here by reference.

39.     An employment agreement existed between Plaintiffs and Defendants, the terms and conditions of which included a requirement for Plaintiffs to perform services for Defendants and an agreement by Defendants to pay Plaintiffs at an agreed hourly rate for all work performed.

40.     The agreements were made between parties capable of contracting and contained mutual obligations and valid consideration.

41.    Plaintiffs have performed all conditions precedent, if any, required of Plaintiffs under their employment agreements.

42.    Defendants failed and refused to perform their obligations in accordance with the terms and conditions of the employment agreements by failing to compensate Plaintiffs for all time worked on behalf of Defendants.

43.    Plaintiffs were thereby damaged in an amount to be determined at trial.

WHEREFORE, Plaintiffs pray for judgment against Defendants on Count IV of the Complaint; for an award of compensatory damages; pre-judgment and post-judgment interest as provided by law; and for such other orders and further relief, including an award of costs and attorney's fees, as this Court deems just and equitable.

## COUNT V: Attorneys' Fees and Costs

44.    Plaintiffs re-allege paragraphs 1 through 23 above and incorporate them here by reference.

45.    Defendants acted in bad faith in failing to compensate Plaintiffs for the services they performed.  Thus, they are liable to Plaintiffs for their attorneys' fees and costs pursuant to O.C.G.A. § 13-6-11.

46.     In addition, Defendants have been stubbornly litigious and have caused Plaintiffs unnecessary trouble and expense in having to file this suit.

WHEREFORE, Plaintiffs pray for judgment against Defendants on Count V of the Complaint; for an award of reasonable attorneys' fees and costs pursuant to O.C.G.A. § 13-6-11.

## DEMAND FOR JURY TRIAL

Plaintiffs respectfully request a trial by jury on all issues deemed so triable.


Dated: October 18, 2016                Respectfully submitted,

                                        By:  /s/   Andrew Weiner
                                        Andrew Weiner, Bar No. 808278
                                        aw@atlantaemployeelawyer.com
                                        Jeffrey Sand, Bar No. 181568
                                        js@atlantaemployeelawyer.com
                                        THE WEINER LAW FIRM LLC
                                        3525 Piedmont Rd., 7 Piedmont Ctr.
                                        3rd Fl.
                                        Atlanta, GA  30305
                                        (404) 254-0842
                                        (866) 800-1482 (f)

                                        Counsel to Plaintiffs