## SETTLEMENT AGREEMENT

This Settlement Agreement ("**Agreement**") is made and entered into this 13th day of December____, 2016 (the "**Effective Date**"), by and between **Mr. D's Trucking, Inc.** and **Desmond Watkins** ("**Defendants**") AND **Danny Gray** and **Anthony Wilson** ("**Plaintiffs**"), individuals residing in the State of Georgia. Plaintiffs and Defendants are collectively referred to herein as the "**Parties**," and each individually as a "**Party**".

WHEREAS, Plaintiffs have asserted various claims against Defendants through Civil Action 1:16-CV-03878-LMM in the United States District Court for the Northern District of Georgia; and

WHEREAS, Defendants deny that they have violated any laws and denies that any monies are due or owing to Plaintiffs; and

WHEREAS, the Parties have agreed to resolve their dispute based upon the terms set forth herein following judicial approval of this settlement agreement by the United States District Court for the Northern District of Georgia.

NOW, THEREFORE, in consideration of the mutual covenants contained herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree to the following terms of settlement.

- **Settlement Payment.** Defendants agree to pay $16,885.00 (Sixteen Thousand Eight Hundred and Eighty-Five Dollars 00/100) (the "**Settlement Amounts**") as follows:

  - Within 10 business days following Court Approval of this settlement agreement, Defendants shall pay to Gray $7,000.00 (Seven Thousand Dollars 00/100), to be divided as follows:
    - $500.00 (Five Hundred Dollars 00/100) in exchange for the full release of all non-FLSA claims contained below in Section II, to be reported on a Form 1099.

    - $6,500.00 (Six Thousand Five Hundred Dollars 00/100) in exchange for the full release of all FLSA claims contained in Section III. This amount will be divided equally between wages and non-wages, and appropriate amounts will be reported on Forms 1099 and W-2.

  - Within 10 business days following Court Approval of this settlement agreement, Defendants shall pay to Wilson $4,000.00 (Seven Thousand Dollars 00/100), to be divided as follows:
    - $500.00 (Five Hundred Dollars 00/100) in exchange for the full release of all non-FLSA claims contained below in Section II, to be reported on a Form 1099.

    - $3,500.00 (Six Thousand Five Hundred Dollars 00/100) in exchange for the

1

full release of all FLSA claims contained in Section III.   This amount will be divided equally between wages and non-wages, and appropriate amounts will be reported on Forms 1099 and W-2.

- Within 10 business days following Court Approval of this settlement agreement, Defendants shall pay to The Weiner Law Firm LLC $5,885.00 (Five Thousand Eight Hundred and Eighty Five Dollars 00/100) for Plaintiffs' attorney's fees and expenses.
-

All payments of the above Settlement Amounts shall be by check made out to and delivered to legal counsel to Plaintiffs, The Weiner Law Firm LLC, 3525 Piedmont Road, 7 Piedmont Circle, 3rd Floor, Atlanta, GA 30305, unless otherwise agreed by counsel.

- **Release**. In consideration of the special benefits and compensation described herein in Section I.A.1 and Section I.B.1, Plaintiffs agree, for themselves and for their heirs, executors, administrators and assigns, to release, waive, acquit, and forever discharge Defendants, and Defendants' predecessors, successors, assigns, fiduciaries, partners, agents, heirs, administrators, executors and attorneys, past and present, from any and all claims and causes of action whatsoever, whether known or unknown, asserted or unasserted, accrued or which may ever accrue, whether based in contract, tort, or statute, arising in whole or in part from any act, error, or omission, from or on any date prior to the Effective Date, including but not limited to any claim or cause of action that Defendants have violated any law or regulation. No claims or causes of action that exist on any date prior to the Effective Date of this Agreement shall survive the execution of this Agreement, as it is the intent of the Parties for this Agreement to be a general release of any and all claims or causes of action, known and unknown, that exist on the Effective Date which Plaintiff has or may have against Defendants.

- **FLSA Release**.   In consideration of the special benefits and compensation described herein in Section I.A.2 and Section I.B.2, Plaintiffs agree, for themselves and for their heirs, executors, administrators and assigns, to release, waive, acquit, and forever discharge Defendants, and Defendants' predecessors, successors, assigns, fiduciaries, partners, agents, heirs, administrators, executors and attorneys, past and present, from and against any and all claims, demands, liabilities, obligations, suits, charges, proceedings, actions and causes of action relating to or arising from the FLSA, whether known or unknown, whether asserted or unasserted.

- **No Assignment of Claims**.   Plaintiffs represent and warrant that they have not sold, assigned, or transferred in any way any claims released in Sections II and III above (the "**Released Claims**") and that the Released Claims are intended to be full and complete specific releases of the Released Claims.

- **Knowing Consent**.   In signing this Agreement each of the Parties hereto represents that he has carefully read and understands this Agreement and has entered into this Agreement voluntarily and with informed consent and advice of counsel.

- **Governing Law**.   This Agreement is entered into and shall be governed, construed, and interpreted in accordance with the substantive and procedural laws and rules of the State of

2

Georgia.

- **Waiver of Breach.** The waiver by any party of a breach of any portion of this Agreement by the other party shall not operate or be construed as a waiver of any subsequent breach.

- **Entire Agreement; Amendment.** This Agreement constitutes the sole and entire Agreement and understanding among the Parties as to its subject matter and supercedes all prior discussions, agreements, understandings of every kind and nature among the Parties as to such subject matter. This Agreement may not be changed orally, but only by an agreement in writing, signed by the party against whom enforcement of any waiver, change, modification, extension or discharge is sought. No such amendment or modification, however, shall affect any rights or obligations which arise hereunder prior to such amendment or modification.

- **Counterparts; Execution by Facsimile.** This Agreement may be executed in several counterparts, each of which shall be deemed an original, and all such counterparts together shall constitute one and the same instrument. Any signature delivered by facsimile or electronically (such as by pdf) shall be considered delivery of an original.

- **Construction of Agreement.** The language of this Agreement shall be construed as a whole according to its fair meaning. The headings used in this Agreement are for the convenience of the Parties and are not to be considered in construing the meaning of any of the terms herein.

- **Authority to Enter this Agreement.** Each person represents by his or her signature below that he or she has the authority to sign or act on behalf of the Party for whom he or she signs.

- **Successors and Assigns.** This Agreement is binding upon and inures to the benefit of the Parties and their respective heirs, successors and assigns.

- **Severability.** If any provision of this Agreement shall be held invalid by operation of law or by any court of competent jurisdiction, the remainder of this Agreement shall remain in full force and effect and may be independently enforced to the fullest extent permitted by law.

- **Pronouns.** As the context so requires, whenever used in this Agreement, the singular shall include the plural, the plural shall include the singular, and the masculine gender shall include the neuter and feminine gender, and vice versa.

- **Attorneys' Fees.** In any action or proceeding brought by a party to enforce any provision of this Agreement, the prevailing party shall be entitled to recover the reasonable costs and expenses incurred by it in connection with that action or proceeding including, but not limited to attorneys' fees.

3

**In Witness Whereof.** the Parties hereto, intending to be legally bound, have caused this Agreement to be executed as of the Effective Date as a sealed instrument as set forth below.

**DEFENDANTS:**

**MR. D'S TRUCKING, INC.**

By: _MR D'S TRUCKING INC._

**DESMOND WATKINS**

_Desmond Watkins_
Desmond Watkins

4

**PLAINTIFFS:**

**DANNY GRAY:**

_____
Danny Gray

**ANTHONY WILSON:**

_____
Anthony Wilson